DE WITT C. SPRAGUE, Respondent, *v.* THE HOLLAND PUR-
CHASE INSURANCE COMPANY, Appellant.

In an application for a policy of fire insurance were these questions and
answers. " What is your title to the property? Contract." " How
much insured in other companies ? None." In an action upon the pol-
icy, *held*, that the fair interpretation of the questions and answers was
that plaintiff held the property by a contract for the purchase thereof,
and had himself no other insurance ; and that the fact that plaintiff's

vendor had an insurance upon his interest did not constitute a breach of warranty.

Plaintiff signed a blank form of application, which was filled up by defendant's agent without any knowledge or dictation from plaintiff; there were false answers and statements therein occasioned by the carelessness, mistake or inadvertence of the agent. The policy contained a clause that he who procured the insurance should be held by contract to be plaintiff's agent; also a condition that the application must be made out by defendant's authorized agent. *Held*, that there was no warranty binding upon plaintiff, and consequently no breach.

(Submitted February 23, 1877; decided March 20, 1877.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon a policy of fire insurance. The defence was breach of warranty. The facts appear sufficiently in the opinion.

*Geo. Bowen*, for the appellant. Plaintiff's statements in the application as to the incumbrance on the property and other insurance were warranties and avoided the policy. (*Alexander* v. *Ger. Ins. Co.* [MS. of Ct. Appeals].) Bowers, the agent, being by the terms of the contract plaintiff's agent, the application and warranty were plaintiff's. (*Rohrback* v. *Ger. Ins. Co.*, 62 N. Y., 47; *Train* v. *Hol. Pur. Ins. Co.*, id., 598.)

*A. C. & T. F. Niven*, for the respondent. Plaintiff's representation as to other insurance will not be construed to embrace other policies procured by others upon separate and distinct interests and without his consent. (*Ætna F. Ins. Co.* v. *Tyler*, 16 Wend., 400; *Mut. S. F. Ins. Co.* v. *Cone*, 2 Comst., 235; *Acer* v. *Mer. Ins. Co.*, 57 Barb., 68.) Defendant is estopped, by the act of its agent, from setting up the statements in the application as warranties. (*Plumb* v. *Catt. Co. Mut. Ins. Co.*, 18 N. Y., 392; *Rowley* v. *Empire Ins. Co.*, 36 id., 550.)

FOLGER, J.   The defendant claims that there was a warranty by the plaintiff, at the time when the insurance was effected, that there was no other insurance on the property. This claim is based upon the following questions and answers, in the paper called the application for insurance :   " What is your title to the property ?"   " Contract."   " How much insured in other companies ?"   " None."   The fair interpretation of these questions and answers is, that the plaintiff held the property by a contract for the purchase of it, and that he had no sum insured in other companies.   It is insisted that there was a breach of this warranty, by reason of Samuel Clark, the vendor of the plaintiff, having taken out an insurance in another company upon his interest in the property.   I do not think that the question above recited was meant to point, or did point to an insurance by other persons than the plaintiff, or that the insurance by Clark made a breach of that warranty, or that thereby a defence is afforded to the defendant.   This point of the defendant is also involved in the consideration applicable to the next question.

Another claim of the defendant is, that the plaintiff warranted that the incumbrance upon the property was but $1,500.   This is based upon these questions and answers in the application :   " Is it incumbered ?"   " Yes."   " To what amount ?"   " One thousand five hundred dollars."   It appears by the testimony that there was unpaid upon the contract of sale, when the policy was issued, over $1,900. Let it be conceded that the unpaid amount on a contract of sale of real estate, is fairly to be called an incumbrance upon it, was this application the act of the plaintiff ?   The referee has found, that the plaintiff signed a blank form of application, such as was commonly used by the defendant in the fall of 1872; that between then and January, 1873, it was erroneously filled up, by the agent of defendant, over the signature of plaintiff, without any knowledge or dictation of the plaintiff; that the false answers and statements therein were occasioned by the carelessness, mistake or inadvertence of that agent, and not through any false representa-

tions of the plaintiff, who, in fact, made no written agreement or warranty.

If there be foundation at all for these findings, it cannot be said that the plaintiff made the warranty.

The defendant urges that there is no evidence to support them. The plaintiff at first denied that his name to the application was written by him, or that he ever made an application for this policy. This he afterwards withdrew in part, and admitted his signature to it, but disclaimed any recollection of signing such a paper, or where he signed it, or of seeing it until it was produced in court, and denied that the defendant's agent prepared any papers at plaintiff's house on an evening on which he stayed there.

This is weak evidence, but it is competent; it is evidence. It cannot be said that the referee was without evidence for his findings. The defendant's agent testifies that he was present when plaintiff signed the application ; that it was filled up (in ink is to be inferred), and signed at plaintiff's house; all except the dates (which were afterwards put in with lead pencil); that he gave the answers to the questions; it was filled up, read over to him and he signed it. The place where this was done is named by this witness, and it is the same to which the attention of the plaintiff was called when a witness, to wit, at the plaintiff's house.

Now, it is easy to say that one is an affirmative witness and the other a negative witness, and that the last does not, after hearing the other, again take the stand and contradict, or deny remembrance of, what had been testified to. It is not to be denied, however, that the two witnesses were at issue in their testimony, and that the referee had upon him the duty and the right to determine between them. And what is more disastrous to the defendant, it is not to be said, — there being some evidence for the referee to pass upon — that we can review his findings of fact. We have to start then with the fact in the case, that this application had not the sanction of the knowledge or dictation of the plaintiff, and was a careless, mistaken and inadvertent statement of

another person, and that, in fact, the plaintiff made no written agreement or warranty upon which the policy issued. Nor will the defendant's position hold, that Bowers was the agent of the plaintiff therein. There is the clause, to be sure, in the policy, that he who procures the insurance from the defendants shall be held by contract to be the agent of the plaintiff. There is, however, the other condition hostile thereto, imposed by the defendants themselves, that the application must be made out by an authorized agent of them. And the referee finds, and so is the proof, that Bowers was the agent of the defendants. Bowers so testifies; and in any view of the testimony, Bowers made out the application.

This defence of the defendant rests entirely upon the statement in the paper called the application There is no finding of fact which permits us to call that the application of the plaintiff, and hence his warranty. There is no breach of warranty, therefore, by him, for he has made no warranty. The case is entirely without findings of fact to sustain the position of the defendants. Indeed, the findings are in opposition to them, and the findings have so much evidence behind them as will give them a foothold of law in the case.

The defendants made a motion for a dismissal of the complaint, at the close of the testimony, basing their motion upon the positions taken here. But it is apparent that as a question of law it was not to be said, that there was nothing for the referee to dispose of as a question of fact. The motion for a nonsuit was therefore ill founded. There is nothing upon which the defendants can found their points made here, against a recovery by the plaintiff, and his judgment must be affirmed.

All concur, except ANDREWS, J. not voting.

Judgment affirmed.