[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 69 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 70 
Before the adoption of the Code of Procedure, in a case where the general issue was pleaded alone, without a plea of justification, evidence in mitigation of damages was always received, unless it tended to establish the truth of the slanderous words. When it had that tendency, it was excluded on the ground that it was admissible only under a *Page 71 
plea of justification. The truth of the words could not be proved except under that plea, because such a defence, without a justification on the record, might operate as a surprise on the plaintiff. And it was held that the same rule, which excluded evidence of the truth of the words in such a case, must exclude evidence tending to establish their truth. This conclusion was, undoubtedly, legitimate when the proof was offered for the purpose of a justification, or without an express disclaimer of such purpose; but it seems to me as plainly otherwise, when the offer was made expressly with a view of showing that the words were spoken in a mistaken belief of their truth, and accompanied by an admission of their untruth. But evidence so tending to prove the truth of the words was excluded by the uniform practice of the courts, although the offer was expressly limited to the purpose of mitigating damages. The courts were driven to the adoption of this practice, by the apprehension that the admission of such evidence, under pretence of mitigation, would enable a defendant, by accumulating facts and circumstances before the jury, all tending to prove the truth of the words, to work into the case a practical justification, without notice to the plaintiff that the defendant intended to justify. This would have been doing great injustice to the plaintiff. But the defendant, on the other hand, suffered equal or greater injustice by the exclusion of the evidence; because in many cases it prevented him from showing that the words alleged to be malicious were spoken in the honest belief that they were true, with abundant reason for such belief, and without actual malice or evil design. Under the law, as it then stood, there was no provision by which a defence in mitigation of damages could be put upon the record in the form either of a plea or notice. It was admissible under the general issue, except when the facts offered in mitigation tended to prove the truth of the defamatory words. In that case it was held to be open to the objection that it might take the plaintiff by *Page 72 
surprise, and therefore rejected. This was the only ground on which such a defence could, with any reason or plausibility, be excluded. And because, by the technical rules of pleading, the defence could not legally be put upon the record, a written notice of it, annexed to the plea or otherwise given, was treated as a nullity; and by strict adherence to this technical rule, the defence was excluded, although the notice had in fact been given, and the plaintiff had been fully informed of its particulars in time to be prepared to meet it on the trial.
I will now speak of the law previous to the Code, upon a case in which a justification was pleaded. In such a case, the justification on the record was held to be a deliberate reiteration by the defendant of the slanderous words, after having had the opportunity of inquiring whether they were true or false. It was adjudged to be conculsive evidence of malice. Proof tending to establish the truth of the words was admitted under such a plea; but if the proof fell short of establishing that the slanderous allegation was true, the jury was directed, as in the case under consideration, to disregard it as evidence in mitigation of damages, although it clearly established that the words complained of were spoken in a mistaken belief that they were true, without actual malice, and with honest and even laudable motives. The result was, that until the adoption of the Code a defendant could, under no state of pleading on the record, introduce evidence in mitigation of damages, whenever, as generally happened, the evidence tended to prove, or formed a link in the chain of proof, to show the truth of the words complained of as slanderous.
This was a subject of great complaint. The Code has altered the law and removed the difficulty. Section 165 is as follows; "In the actions mentioned in the last section" (actions for libel and slander) "the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and and mitigating circumstances to reduce the *Page 73 
amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances."
The learned judge, before whom the cause was tried, charged the jury as if the statute above quoted had not essentially altered the law. He refused to charge "that under the issue between the parties they might take the facts proved by the defendant into consideration in mitigation of damages, although they did not amount to a justification;" and on the contrary, he told the jury "that the defendant must stand or fall by the justification he had set up and attempted to prove, and could claim nothing by way of mitigation from his evidence, by which he had sought, but failed, to make his charge good."
The judge seems to have proceeded upon the ground that, although the Code has permitted the defence in mitigation of damages to be put upon the record, it has not abrogated the former rule by which the justification was regarded as conclusive evidence of malice. In this, in my opinion, he decided erroneously. By enabling the defendant to put his defence in mitigation upon the record, the Code removes the technical objection of surprise, on which the defence was formerly excluded; and by authorizing the defendant to couple the defence in mitigation with a justification in his answer, the defendant is enabled to avail himself of either one or the other, according to the case he makes out in proof. It would be idle to allow him to prove the mitigating circumstances, if, when proved, the jury is to be directed to disregard them because he fails to prove his justification. If the defence in mitigation is to be ruled out or disregarded, the statute has accomplished nothing by authorizing its admission.
The facts stated in the second branch of the defendant's answer were clearly proper to be proved in mitigation of damages. The facts thus stated were, that the plaintiff had secretly and fraudulently taken and carried away corn *Page 74 
belonging, in part, to the defendant, under circumstances which induced the plaintiff himself to believe that the taking was larceny; and that he declared that belief by confessing that he had stolen the property. The jury, on these facts, might well have found that if the plaintiff himself thought he had stolen it, the defendant might honestly and without malice have believed so, when he spoke the words complained of as defamatory. The act of taking the corn as described in the notice differed very little from larceny in its moral character. The evidence should have been submitted to the consideration of the jury, not only to show that the words were spoken without deliberate malice, but also for the purpose of showing that for words spoken under such circumstances the plaintiff was not worthy to have a verdict for exemplary damages.
The judgment should be reversed and a new trial ordered, costs to abide the event.
Judgment accordingly.