There must be judgment for the defendants with costs.

---

## FULKERSON *a.* GEORGE.

*Supreme Court, Tompkins Circuit ; February,* 1856.

SLANDER.—DEFENCES.—EVIDENCE.—DAMAGES.

Of defences in actions for slander.
Of the rules of evidence, and the measure of damages in such actions.

Charge to a jury, at circuit.

This was an action of slander. The defendant's barn was burned in the night time. He afterwards accused the plain-

tiff of setting it on fire; which words were the slander complained of.

The defendant in his answer denied speaking the slanderous words set out in the complaint; and for a second defence, set up that the defendant did set fire to the barn. Also, that the defendant had probable cause to believe, and did believe the plaintiff was guilty of setting fire to the barn at the time it was alleged in the complaint that the defendant charged the plaintiff with such crime.

The plaintiff proved that prior to the commencement of the action the defendant said that the plaintiff 'was the man who fired his barn, and that he (defendant) knew it to be so.'

The defendant gave evidence tending to prove that the plaintiff was guilty of the offence of setting the barn on fire. He also proved facts and circumstances which his counsel claimed showed that he *believed* all he had said of the plaintiff was true at the time he spoke the slanderous words complained of. Much rebutting evidence was given, that tended to show the plaintiff was innocent of the crime the defendant had charged upon him. The trial occupied two days.

*H. A. Dowe and B. G. Ferris*, for plaintiff.

*Beers & Howard*, for defendant.

BALCOM, J., observed that the Code had changed the law governing actions of slander, and that, to avoid misunderstanding, he had reduced his charge to writing.

1. When one person says of another that he has committed an indictable offence, the law presumes that the charge was false, and that it was made maliciously, and with the intent to injure the feelings and reputation of the person against whom the charge was made. And the burthen of proving the charge true, or that it was made in good faith and when the person making it had probable cause to believe it true, lies with him who made the charge.

2. If the evidence in the present case should convince the jury that the defendant charged the plaintiff with intentionally setting fire to the defendant's barn, the plaintiff would be entitled to their verdict, unless the evidence satisfied them beyond

Fulkerson *a.* George.

reasonable doubt, that the plaintiff did set fire to the barn.

3. But if the evidence in the action should satisfy them beyond reasonable doubt, that the charge made by the defendant against the plaintiff was true, their verdict should be for the defendant.

4. If however, they should believe the plaintiff innocent of the charge of setting fire to the defendant's barn, and should find for the plaintiff, the allegation in the defendant's answer, that the plaintiff did do such act, should be regarded as increasing the damages to be assessed against the defendant.

5. The defence set up in the answer, that the plaintiff committed the offence of which the defendant had accused him, was a reiteration of the slander for which the action was brought, and good faith on the part of the defendant in interposing such defence, does not exempt him from the consequences thereof, if the evidence fails to establish such defence. When the defendant put in this defence he assumed the risk of all the consequences that could legitimately flow therefrom. The law requires that a party should know his adversary is guilty, before accusing him in his pleading of a crime.

6. A justification, however, if interposed in good faith, where the defendant has good and probable cause to believe, and does believe it to be true, which is not sustained by the evidence, only makes him liable for such additional damages as his adversary actually sustains by the repetition of the slander upon the record in the action.

7. If the evidence in this case should satisfy the jury that the defendant was possessed by information or otherwise, of facts and circumstances at the time he accused the plaintiff of setting fire to his barn, from which he had probable cause to believe and did believe that the plaintiff was guilty of such offence, then no vindictive damages or smart money should be visited upon the defendant for uttering the slander complained of, prior to the commencement of the action.

8. But in any view of the case, unless the evidence, when all considered together, should satisfy the jury beyond reasonable doubt that the plaintiff did intentionally set fire to the defendant's barn, the plaintiff would be entitled to recover all the damages he has actually sustained by reason of the

defendant uttering the slander proved, and of his reiterating the same in his answer.

9. The actual damages a party sustains when slandered, are such as arise for his injured feelings and tarnished reputation, taking into consideration the extent and publicity of the slander ; which damages must always be estimated and assessed by the jury upon the evidence before them.

10. Vindictive damages (sometimes called smart money) are such as are visited upon the slanderer, to teach him a salutary lesson and punish him for bad faith or malice, in uttering the slander, or in reiterating it in his defence to the action.

The jury found a verdict for the plaintiff, and assessed his damages at six cents.