JAMES AIRD, Respondent, *against* THE FIREMAN'S JOURNAL COMPANY, Appellant.

(Decided December 5th, 1881.)

Where the defendant in an action for libel has pleaded a justification, unless there be circumstances from which a bad motive in interposing the plea can reasonably be deduced, it is erroneous to instruct the jury that they may increase the damages because the defendant has failed to prove the truth of the libel. The plea of justification is no aggravation of the wrong unless it be used by the defendant maliciously, with a knowledge of its falsity. Mere inability to establish a justification is no evidence of malice, and will not warrant the inference of malice by a jury.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*De B. Wilmot*, for appellant.

*Chas. P. Miller*, for respondent.

VAN HOESEN, J.—In charging the jury, the court said, "You are then to determine whether the plaintiff has been damaged by the article, and, if so, whether there was any malice in the defendants' act of publishing the article complained of, and whether you regard their setting up in their answer these facts, and alleging the truth of the alleged libel—whether you regard that as tending to aggravate the damages which you may determine that the plaintiff has received, and on account of which he should receive greater compensation." At another part of the charge, the court said, "If the jury think that the verdict should be enhanced by exemplary damages by reason of the motive with which this libel was published, or the motive for setting up the allegation in the an-

swer that it was true, they may then add to their verdict what they consider proper as exemplary or punitory damages."

The counsel for the defendant asked the court to instruct the jury that the testimony offered by the defendant in justification should not be considered for the purpose of enhancing the damages. To this request, the court said, "They can only consider the answer in that respect." The counsel for the plaintiff then called the attention of the court to the observation just made, by saying, "Your Honor said that the jury might consider the allegations of the answer, and not the evidence, in coming to a conclusion. Your Honor does not intend by that in any way to vary what you said upon that point in your charge." The court said in reply, "I charged expressly as to what the defendant had spread upon the record in his answer as to the reiteration of the charge." The counsel for the plaintiff then said, "If they do not believe it is proved, they may take that into consideration in relation to their verdict." The court answered, "Yes."

The question is, Were the instructions of the court in accordance with the rule that prevails, at the present day, in this state?

The defendant had pleaded various matters as a justification, and also in mitigation of damages. The libel consisted in the publication of a statement that some harness makers had been discharged from the repair shop of the fire department for alleged thefts of leather belonging to the department, to which was added, by way of editorial comment, "The rascals ought to feel thankful for getting off without more severe punishment."

The answer alleged that the publication was true, and that the entire staff of harness makers had been discharged, as stated in the article complained of; it further alleged by way of mitigation that the plaintiff had, whilst in the employ of the fire department, stolen various supplies; that the plaintiff's reputation was, and for years had been bad; that the defendant, at the time of the publication, believed the article to be true, and that it was copied from a newspaper called the Daily News, and published as matter of current news, and without malice.

The matters pleaded as a justification were pleaded also by way of mitigation.

On the trial, the defendant offered evidence for the purpose of proving all the allegations of its answer, but it failed to satisfy the jury that the article was true, and that its statements were not libelous. It is fair to say, however, that a different jury might have come to a different conclusion.

I have given the substance of the pleadings, and the material parts of the charge, in order that the question as to the correctness of the court's instructions may be fairly presented.

The law used to be that if a defendant in a libel suit pleaded the truth in justification, and failed to establish the allegations of his plea, he became liable to exemplary damages if the plea was interposed from bad motives, and he was precluded from asking any mitigation of damages, even if the plea were put in in good faith, and with an honest belief that it was true (*Bush* v. *Prosser*, 11 N. Y. 366).

Since the Code of Procedure went into operation, a different rule has prevailed, and it is not the law of this state, at this day, that the damages are necessarily affected by a failure to prove a justification that has been pleaded. Where a plea of justification has been interposed in bad faith, and there is reason to believe that the object of the defendant, in pleading it, was to reiterate, in a solemn and public proceeding, a libel which he knew to be groundless, he may still be punished by exemplary damages. But, where there is no evidence of bad faith on his part, and all that can fairly be said, is, that he has failed to make out a complete defense, he is not liable to exemplary damages on account of such failure, nor is he precluded from asking that the damages be mitigated, where it appears that he was free from malice, and had good reason to believe the libel he published to be true. I repeat, that a mere inability to establish a justification, is no evidence at all of malice, and will not warrant the inference of malice by a jury. This is the result of the decisions of the Court of Appeals, including the cases of *Bush* v. *Prosser* (11 N. Y. 366) ; *Bisbey* v. *Shaw* (12 N. Y. 67); *Klinck* v. *Colby* (46 N. Y. 427) ; and *Distin* v. *Rose* (69 N. Y. 122).

Unless there be circumstances from which a bad motive in interposing a plea in justification can reasonably be deduced, it is erroneous, therefore, to instruct the jury that they may increase the damages because the defendant has failed to prove the truth of the libel. The proper instruction is, that punitory damages may be given where the defendant was guilty of bad faith in setting up the plea, that is to say, that he either knew, when using the plea in his defense, that it was not true, or had no reason to believe it true. It matters not that on the trial he offers not a scintilla of testimony to prove his plea; it may be that after filing his answer he has discovered the plaintiff to be innocent of the matters which formed the subject of the libel; the plea of justification is no aggravation of the wrong, unless it be used by the defendant maliciously, with a knowledge of its falsity (*Distin* v. *Rose,* 69 N. Y. 128).

The instructions of the learned judge to the jury in this case were, as I understand them, very different. The jury were first told to say whether they regarded the setting up in the answer of the facts, and alleging the truth of the libel, as tending to aggravate the damages. What was this but to instruct the jury that they were at liberty to increase the damages, because the defendant had pleaded a plea of justification? This was not modified by the instruction that they might give exemplary damages, if they thought that the defendant's *motive* in pleading the truth in justification made such damages proper. That gave the jury no rule for their guidance. It left them at liberty to give exemplary damages if they did not approve the defendant's *motive* in putting in his plea. The question was, not whether the jury approved of the defendant's motive in interposing such an answer, but whether that motive was, in the eye of the law, a bad one. But all doubt as to error in the instructions is removed by the colloquy which took place between the judge and the plaintiff's counsel. The latter said, " If the jury do not believe it (the answer) is proved, they may take that fact into consideration in relation to their verdict." The judge answered, " Yes." This, it will be seen, was going back to the old rule, happily not now in

force in this state, that the failure to prove a plea in justification was an aggravation of the wrong.

I think that this instruction was incorrect, and prejudicial to the defendant, and that there should be a new trial.

BEACH, J., concurred.

Judgment and order reversed and new trial ordered, with costs to abide event.