WILLIAM J. CRUIKSHANK, Respondent, *v.* WILLIAM GORDON, Appellant.

Statements made in respect to a practicing physician, imputing to him general ignorance of medical science, incompetency to treat diseases, and a general want of professional skill, are slanderous, and actionable without proof of special damages.

Defendant, in his answer in such an action, alleged, in mitigation, that plaintiff was "not sufficiently, ordinarily skillful nor competent as a physician, and had no reputation as a competent physician, and never had." Defendant offered no evidence in support of this allegation. The court read it to the jury and instructed them that if it was unproved and they believed it was inserted maliciously and without out probable cause, they might consider the imputation in aggravation of damages. *Held,* no error .

*Klinck* v. *Colby,* (46 N. Y. 427)); *Doe* v. *Roe,* (32 Hun, 628); distinguished.

The authorization by the Code of Civil Procedure, (§ 535) of pleas in mitigation, in actions ⁒f slander, is not a license for their interposition in bad faith, and when they are so interposed, that fact may be considered by the jury.

Two physicians were permitted to testify that plaintiff was reputed to be a competent and skillful physician. This was objected to by the defendant generally and objection overruled. *Held,* that as no ground for the objection was stated, an exception to the ruling was not available.

Plaintiff was allowed to prove that, between the date when the cause of action arose, and the date when the action was begun, defendant repeated the slanders on occasions other than those set forth in the complaint. *Held,* no error.

Plaintiff was also allowed to show that defendant had attempted to hire one of plaintiff's witnesses to leave the country. *Held,* no error.

Reported below (48 Hun, 308).

(Submitted, November 28, 1889, decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 23, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action for slander.

The following facts appear: Since 1880, the plaintiff has been a practicing physician, and in November, 1883, he treated a servant employed in the family of the defendant, and afterwards treated his wife and children. On November 19, 1884, he was called to attend defendant's child, but his treatment being unsatisfactory, he was, at defendant's instance, superseded by Dr. John Griffin. The defendant paid the plaintiff for his services. In August, 1886, this action was brought to recover damages for words alleged to have been spoken by the defendant on six different occasions in

respect to the plaintiff's competency to practice as a physician. No special damages were alleged in the complaint or proved on the trial.

A witness testified that defendant said: "That Dr. Cruikshank had treated his child for malaria when she hadn't the malaria at all; that he never should pay him a cent; and wound up by saying if he hadn't employed another doctor, Dr. Cruikshank would have killed his daughter." These words are alleged as the first cause of action.

Another witness who had a sick child then being treated, by the plaintiff, testified that defendant said to him: "I had no right to take Dr. Cruikshank, he would not under any consideration take Dr. Cruikshank for a case; that he was no good, he was only a butcher; so I asked him why; he said his child was sick and he almost killed her, if he didn't call another doctor in; and he told me if I didn't get another doctor right away he would kill my child, that I would be the murderer of my child; he asked me 'What sickness is it?' I told him he had diphtheria; he said, 'Oh, that is nothing at all; he would just as well take a case of diphtheria as he would drive nails in wood;'" that he was no good; that wherever he went he would tell that he was no good; he asked me if I syringed the child's throat; I said no; he said every doctor gives a prescription and if the child has diphtheria he gives a syringe; that Dr. Cruikshank was only practicing on my child; that he was killing my child." These words are alleged as the plaintiff's second cause of action.

The husband of the witness last referred to testified that defendant said to him: "I should take another doctor; he would not have him for a dog; he wouldn't have him doctor a dog; he says, 'If I were you I would go for another doctor right off because he is nothing but a butcher, and I shall do all the harm for him because he doctored a child of mine, and if I hadn't got another doctor in he would have killed her.'" These words are alleged as the third cause of action.

A brother of the last witness testified that defendant said to him: "Well, I told Mrs Snyder to get another doctor, if she

don't she will be the murderer of her own child; he doctored in my own family, and if I hadn't got another doctor my child would have died." These words are alleged as the fourth cause of action.

Another witness testified that defendant said: "He, (plaintiff) did attend in my family, but I had him for Mattie, and he nearly killed her; if I hadn't let him go he would have killed her; I wouldn't have him to a dog; he is no good." These words are alleged as the fifth cause of action.

A witness testified that the defendant said to him: "I had better tell Mrs. Chapin if she wants to get better she had better get another doctor; that he would not have him attend a dog; that he had him attend his child and if he had not got another doctor his child would not have lived; I afterwards went to Mrs. Chapin and told her." These words are alleged as the sixth cause of action.

Further facts appear in the opinion.

*Wm. J. Gayner* for appellant. The words used are not slanderous *per se*, and the complaint alleges no special damage, nor was there any attempt to prove such damage, plaintiff therefore is not entitled to recover. (*Foot* v.*Brown*, 8 Johns. 64; *Poe* v. *Mendford*, Cro. Eliz. 620; *Camp* v. *Martin*, 23 Conn. 86; *Carroll* v. *White*, 33 Barb. 615) The words used were susceptible of a meaning not slanderous *per se*, interpreted by the accompanying words and circumstances, *and it was therefore for the jury to determine what was meant by them.* (*Cooper* v. *Greeley*, 1 Denio, 347–58; *Hayes* v. *Ball*, 72 N. Y. 418.) The proof of these slanderous charges to be admissible must be repetitions of the alleged slander. (*Root* v. *Loundes*, 6 Hill, 518; *Frazier* v. *McCloskey*, 60 N. Y. 337; *Keenholts* v. *Becker*, 3 Denio, 346; *Washburn* v. *Cooke*, id. 110; *Diston* v. *Rose*, 96 N. Y. 122.) The charge that a certain allegation in the answer might be considered to enhance damages, if inserted wantonly, or without probable cause was error. (Odgers on Slander, 485, 542; Starkie on Slander, § 579; *Klinck* v. *Colby*, 46 N. Y. 427.)

*W. M. Rosebault* for respondent. The motions to dismiss the several causes of action set forth in the complaint, made at the beginning of the trial, at the close of the plaintiff's case, and at the close of the whole testimony, were all properly overruled, (*Ward* v. *Kilpatrick*, 85 N. Y. 417; *Hays* v. *Bull*, 72 id. 418.) The defamatory language set forth in the first count of the complaint is clearly slanderous *per se*. (*Carroll* v. *White*, 33 Barb. 615; 42 N. Y. 161; *Secor* v. *Harris*, 18 Barb. 425; *Edsall* v. *Russell*, 43 Eng. Com. Law, 560; *Slotting* v. *Newman*, 26 Ala. 300; *Hays* v. *Hays*, 1 Humphreys, 402; *Ecart* v. *Wilson*, 10 S. & R. 24; *Johnson* v. *Robertson*, 17 Ala. 486; *Lynde* v. *Johnson*, 39 Hun, 13; *Carroll* v. *White*, 33 Barb. 615; *Sumner* v. *Utley*, 7 Conn. 257; *Tutley* v. *Allewine*, 11 Mod. 221; *Secor* v. *Harris*, 18 Barb. 425; *Edsall* v. *Russell*, 4 Man. & Gr. 1090; *Sumner* v. *Utley*, 7 Conn. 257; *Watson* v. *Vanderlagh*, Heltey's Rep. 71.) The exception to the charge of the court: "To that part which says that the words 'that he would kill the patient if he remained,' would be slanderous *per se*," is untenable. (*Walbrath* v. *Nellis*, 17 How. 72; *Linde* v. *Johnson*, 39 Hun, 13; *Carroll* v. *White*, 33 Barb. 615; *Bourreseau* v. *D. E. Journal*, 30 N. W. Rep. 376; *Donaghue* v. *Gaffy*, 7 Atl. Rep. 552; *Croswell* v. *Weed*, 25 Wend. 621; *Nuller* v. *McKesson*, 73 N. Y. 195; *Port Jervis* v. *F. Nat. Bank*, 96 id. 560; *Dillon* v. *Cockroft*, 90 id. 649; *Ormes* v. *Dauchy*, 82 id. 443; *Winchell* v. *Hicks*, 18 id. 558; *Provost* v. *McEnroe*, 102 id. 650; *Stratford* v. *Jones*, 97 id. 586; *O'Neill* v. *James*, 43 id. 84; *King* v. *U. S. L. Ins. Co.*, 20 Wkly Dig. 204; *Smedis* v. *B. & R. C. R. R. Co.*, 88 N. Y. 13; *Barrett* v. *Delano*, 14 Atl. Rep. 288; *Hullshaw* v. *G. B. etc. R. R. Co.*, 32 N. W. Rep. 529.) The objections to questions concerning plaintiff's reputation for skill and competency were properly overruled. (*Ward* v. *Kilpatrick*, 85 N. Y. 417; *Lewis* v. *Chapman*, 19 Barb. 252.) The conversation between the defendant and Mrs. Chapin was proper. (*Daley* v. *Berne*, 77 N. Y. 187; *Distin* v. *Rose*, 69 id. 122.) The testimony concerning defendant's offers to bribe the wit-

ness Chapin, not to appear on the trial of this action and testify against him, was proper as an admission of guilt. (*Moriarty* v. *L. C. & D. Co.*, L. R. [5 Q. B.] 314; Stephens' on Evidence, chap. 2, art. 7; *Bemis* v. *Kyle*, 5 Abb. [N. S.] 232; *Donohue* v. *People*, 56 N. Y. 208.) The evidence of a repetition of the slanderous charge of incompetency before suit brought, was competent to show malice. (*Daly* v. *Byrne*, 77 N. Y. 187; *Distin* v. *Rose*, 69 id. 122.) The motions to strike out testimony of expressions as uttered by defendant were properly denied. (*Distin* v. *Rose*, 69 N. Y. 122; *Desmond* v. *Brown*, 4 Am. Rep. 194; *Coleman* v. *Playstead*, 36 Barb. 26.) The testimony offered that in a particular case plaintiff had shown a want of medical knowledge, was inadmissible, because the specific fact which the defendant professed to be able and offered to prove, had not been pleaded. No ground was stated for the objections to the inquiry as to the plaintiff's reputation for skill and competency. (*Ward* v. *Kilpatrick*, 85 N. Y. 413, 417.) No justification was established. (*Fero* v. *Kosceo*, 4 N. Y. 162, 165.) The exception to that part of the charge which says that damages may be given for public security, was good. (*Brooks* v. *Harrison*, 91 N. Y. 92; *Voltz* v. *Blackmar*, 64 id. 44.)

FOLLETT, Ch. J. Many of the statements testified to by the witnesses, and which the jury must have found were made by the defendant, imputed, not a lack of skill in a particular case, but general ignorance of medical science, incompetency to treat diseases and a general want of professional skill. Such statements made in respect to a practicing physician are slanderous and actionable without proof of special damages. (*Secor* v. *Harris*, 18 Barb. 425; *Fitzgerald* v. *Redfield*, 51 id. 484; *Bergold* v. *Puchta*, 2 T. & C. 532; *Lynde* v. *Johnson*, 39 Hun, 12; *Southee* v. *Denny*, 1 Exch. 196; Towns. L. &. S. [4th ed.] § 193; Folk. Stark., § 88; 15 Am. L. Rev. 573; 19 Am. L. Reg. [N. S.] 465.) The point is made that defendant's statements all referred to the plaintiff's treatment of defendant's child, or that, at least, it was a question of fact for the jury to

determine whether they were not made solely with reference
to that particular case.   Much of the language proved to have
been spoken did not refer to the treatment of the child, but
related to the plaintiff's general competency and fitness to prac-
tice as a physician, and so it is quite unnecessary to consider
whether statements disparaging the treatment of a particular
case are, or are not, actionable without proof that special dam-
ages were caused by the words spoken.

The defendant denied in his answer the speaking of the
words charged in the complaint, and alleged in mitigation that
he described to three persons the plaintiff's unskillful treatment
of his child, but that the words were not spoken maliciously,
and further alleged : " In further mitigation of damages defend-
ant says that plaintiff is not sufficiently nor ordinarily skillful
nor competent as a physician, and has no reputation as a com-
petent physician, and never had."   The defendant neither gave
nor offered any evidence in support of this allegation.   In
response to a request to instruct the jury that they might con-
sider this allegation, and the defendant's failure to attempt to
prove it, upon the question of damages, the court read the alle-
gation, and said : " If you believe the imputation in the answer
upon the plaintiff's professional competency is unproved, and
was inserted maliciously and without probable cause, you may
consider such imputation in aggravation of the damages.   They
had a right to plead that issue.   If they fail on it and it was
inserted in good faith, that would not tend to enhance the dam-
ages.   But it remains on record, and if you find that it was put
in wantonly and without cause, then you may consider that an
aggravation of damages."   To this instruction the defendant
excepted, and now insists that it was erroneous, citing, in sup-
port of his contention, *Klinck* v. *Colby* (46 N. Y. 427).   In
that case it was held that a plea of justification, and the failure
of the defendant to attempt to sustain it, was insufficient evidence
to warrant a finding that a *prima facie* privileged communi-
cation was composed and published maliciously ; and it was
further held that : " In an action for libel, where, under an
answer proper to the end, the defendant has shown that the

communication was privileged, his further answer of justification by the truth of the charge, though without proof given to sustain it, may not be taken into consideration of evidence of malice and in aggravation of the damages." In reaching these conclusions the learned judge made some observations which have led to the understanding that the court intended to lay down a general rule that no unsustained plea of justification could, under any circumstances, be considered by a jury in determining the amount of damages which a plaintiff might recover in an action for defamation of character. But that it was not the intention of the court or of the learned writer of its judgment to lay down a rule so broad as has been claimed, is made apparent, we think, by reference to the judgment rendered six years later in *Distin* v. *Rose* (69 N. Y. 122). In that case, an action for slander, the defendant charged the plaintiff with being a prostitute, and, among other defenses, justified the charge in his answer; but on the trial he failed to sustain his plea of justification, though he gave evidence tending to show that the plaintiff lived with a man as his wife, with knowledge that he had a wife living. The court was requested to charge : " There was nothing in the defendant's answer to enhance the plaintiff's damages." To which the court answered : " That is for the jury to say." An exception was taken, the validity of which was considered by the court. In considering this exception, the court said : " The words proved to have been spoken imputed unchastity by the most offensive epithets. The answer alleged in express terms that the charge was true, and then specified facts that she had lived with a man as his wife, knowing that he had at the time another wife living. If there was an entire failure of proof to sustain the charge, and the jury believed that it was inserted in the answer wantonly or maliciously, and without probable cause for believing it true, they might consider it upon the question of damages, and it was right, therefore, to decline, as matter of law, to charge that they could not so consider it. There was no intimation in this refusal that in this case they ought to so consider it, and the charge on the contrary intimated that the facts proved

ought to be considered in mitigation of damages." Five of the judges who sat in *Klinck* v. *Colby*, including the writer of the opinion, sat in the case last cited, and we cannot assume that the judgment in the first case was unknown to the court, or that it was regarded as in conflict with its decision in the latter case. The same rule was laid down in *Bennett* v. *Matthews* (64 Barb. 410), and its existence was not denied in *Doe* v. *Roe* (32 Hun, 628), but it was held inapplicable to that case because the evidence tended strongly to show that the defendant did not interpose the justification maliciously, but in good faith. Before the Code, the rule was vigorously stated and applied in *Fero* v. *Ruscoe* (4 N. Y. 165). It has been uniformly held, before and since the Codes, that when a defendant pleads in justification of the breach of his promise to marry, that the plaintiff has become unchaste, and on the trial makes no attempt to prove his plea, the fact may be considered by the jury in assessing the damages. (*Southard* v. *Rexford*, 6 Cow. 255 ; *Kniffen* v. *McConnell*, 30 N. Y. 285 ; *Thorn* v. *Knapp*, 42 id. 474.)

None of the cases cited are decisive of the question under consideration, for, as is urged by the learned counsel for the appellant, the allegation quoted from the answer falls short of a justification, and is, at most, but a plea in mitigation. It is urged that pleas in mitigation being authorized by the Code, cannot be considered on the question of damages. The interposition of pleas in justification is authorized by law, nevertheless, as we think we have shown, courts have quite uniformly held, that if they were interposed in bad faith, the jury might consider the fact on the question of damages. The authorization by the Code, of pleas in mitigation is not a license for their interposition in bad faith, and for the purpose of injuring the reputation of the plaintiff, and when they are interposed for that purpose, the fact may be considered by the jury.

Two physicians, who were sworn in respect to other questions, were permitted to testify that the plaintiff was reputed to be a competent and skillful physician. This was objected to by the

defendant, but no ground having been stated, the exception is not available.

No error was committed in permitting the plaintiff to show that between the date when the cause of action arose and the date when the action was begun, the defendant repeated the charges on occasions other than those set forth in the complaint; nor was there any error committed in permitting the plaintiff to show that defendant had attempted to hire one of plaintiff's witnesses to leave the country.

The judgment should be affirmed, with costs.

All concur, BRADLEY and HAIGHT, JJ., in the result.

Judgment affirmed.