## WILLARD v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department.    June 8, 1900.)

1. LIBEL—TRUTH AS A DEFENSE—FAILURE TO ESTABLISH DEFENSE—EXEMPLARY DAMAGES.

Under Code Civ. Proc. §§ 508, 535, 536, authorizing the pleading and proof of facts in mitigation of damages for personal injuries as a partial defense, and also authorizing defendant in libel to prove mitigating circumstances notwithstanding he has pleaded or attempted to prove a justification, the fact that defendant in a libel suit alleges that the article is true, and fails to prove its truth, does not of itself authorize the jury to award exemplary damages, unless it first finds that such defense is interposed carelessly, recklessly, wantonly, or in bad faith, and with a desire to further injure the plaintiff.

2. SAME—SUBSEQUENT INSTRUCTION—ERROR NOT CURED.

Where the trial court in a libel suit erroneously instructs that, where defendant alleges a libelous article to be true, and fails to prove its truth, the jury may inflict exemplary damages, such error is not corrected by a subsequent instruction that the plaintiff is entitled to recover punitive damages if the jury finds that the article was published wantonly or negligently, the erroneous instruction not being withdrawn from the jury.

Appeal from trial term, New York county.

Action by Bryant Willard against the Press Publishing Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John M. Bowers, for appellant.

Julius M. Mayer, for respondent.

McLAUGHLIN, J.    This action is brought to recover damages for the publication of a libel.    The plaintiff had a verdict for $600, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant has appealed.    It urges that the judgment should be reversed upon the sole ground that the learned trial court erred in giving the following instruction to the jury:

"And the rule of law in such cases as this is that, where the defendant alleges that the article is true, and fails to prove it is true, to your satisfaction, that you are at liberty, in addition to the ordinary damages, to inflict exemplary damages."

Defendant's counsel duly excepted to the instruction thus given, and we are of the opinion that the exception was well taken.    The defendant, in its answer, alleged, in mitigation of damages, that the article in question was a truthful and accurate report of a judicial proceeding, and also alleged in justification of the publication that it was true.    The defendant had a right, under the Code of Civil Procedure (sections 508, 535, 536), to plead facts not only in mitigation, but also in justification; and the failure to establish the truth of the allegations in either case did not subject it, on that account, to increased damages.    It is not, and manifestly it cannot be, under the sections of the Code referred to, true that the failure to establish the truth of the article, when pleaded in justification, is in and of itself ground for imposing additional damages.    Exemplary damages can only be

given upon the ground of malice, and the failure to establish a defense of this character is of itself no° evidence whatever of malice, and it only becomes so when the jury can find that the answer was interposed carelessly, recklessly, wantonly, or in bad faith, and with a further desire upon the part of the defendant to injure the plaintiff. When such finding can be made, then the jury may take that fact into consideration in aggravation of the damages. This was settled as early as Bisbey v. Shaw, 12 N. Y. 67. In that case the trial justice charged:

"That a justification spread upon the record, which was not proved, was an aggravation of the original charge, and the jury had a right to regard it for the purpose of enhancing damages, as a slanderous charge deliberately reiterated."

The court, in reversing the judgment, upon an exception taken to this portion of the charge, said:

"The judge seems to have proceeded upon the ground that, although the Code has permitted the defense in mitigation of damages to be put upon the record, it has not abrogated the former rule by which the justification was regarded as conclusive evidence of malice. In this, in my opinion, he decided erroneously. * * * It would be idle to allow him to prove the mitigating circumstances, if, when proved, the jury is to be directed to disregard them because he fails to prove his justification."

And Church, C. J., in Distin v. Rose, 69 N. Y. 122, adverting to this rule, said:

"This rule should be applied with care and moderation, and, 1 think, should be confined to cases of bad faith, in incorporating the justification in the pleading; and this can scarcely be said to be true, under the Code, when the facts proved ought legitimately to go in mitigation of damages, because it seems incongruous to say that a failure to establish a justification may enhance the damages, and yet the facts proved under it may mitigate them."

In Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457, Follett, C. J., referring with approval to Distin v. Rose, said:

"In further mitigation of damages, defendant says that plaintiff is not sufficiently nor ordinarily skillful nor competent as a physician, and has no reputation as a competent physician, and never had. The defendant neither gave nor offered any evidence in support of this allegation. In response to a request to instruct the jury that they might consider this allegation, and the defendant's failure to attempt to prove it, upon the question of damages, the court read the allegation, and said: 'If you believe the imputation in the answer upon the plaintiff's professional competency is unproved, and was inserted maliciously, and without probable cause, you may consider such imputation in aggravation of the damages. They had a right to plead that issue. If they failed on it, and it was inserted in good faith, that would not tend to enhance the damages; but it remains on record, and if you find that it was put in wantonly, and without cause, then you may consider that an aggravation of damages.' To this instruction the defendant excepted, and now insists that it was erroneous. * * *"

It was held that the learned trial justice did not err in thus instructing the jury, and that the exception was not well taken.

In Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701, the Distin and Cruikshank Cases were cited with approval. Judge Earl, delivering the opinion of the court, in which all of the other members concurred, said:

"The judge charged the jury, in substance, that, if the defendant failed to establish the justification of the libel set up in the answer, they could de-

termine whether it was set up in good or bad faith, and, if they found it was set up in bad faith, they could take that into consideration in establishing the damages to be awarded by them; and in this portion of his charge there was no error."

But it is said that this question has been substantially passed upon adversely to the contention of the appellant in Marx v. Publishing Co., 134 N. Y. 562, 31 N. E. 918. We do not so understand the decision in that case. There the exception was not to what the court charged, but to a refusal to charge as requested by defendant's counsel, and the decision was based upon the ground that the exception was not well taken, because the court ought not to have charged as requested. From these decisions, and many more that might be cited, the rule seems to be well settled that, before the jury can award the plaintiff additional damages because the defendant pleaded a justification, which he has failed to establish, they must find that the justification was pleaded in bad faith; that in interposing such a defense the defendant was actuated by wanton desire to further injure the plaintiff; and that, unless such fact first be found, then the plea of justification is no evidence of malice, and cannot be considered upon the question of exemplary damages; but, if such fact be found, then it may be considered in aggravation of the damages.

It is also urged by the respondent that the error complained of could not have injured the defendant, because it was thereafter cured by the learned trial justice charging the jury, at the plaintiff's request, that:

"The plaintiff is entitled to recover punitive damages if the jury find, from the evidence, that the article was published wantonly or negligently."

We do not think this corrected the erroneous instructions theretofore given. When a jury has been erroneously instructed as to the law applicable to the facts in a case, the error can only be cured by the trial justice withdrawing the charge as made in language so plain and explicit as to preclude even an inference that the jury may have been influenced by it. Phillips v. Railroad Co., 127 N. Y. 657, 27 N. E. 978. Here, the learned trial justice did not withdraw the instructions theretofore given, or even intimate that they were not to be bound by or to follow the instructions which he had theretofore given them, that "where the defendant alleges the article is true, and fails to prove it is true, * * * you are at liberty, in addition to the ordinary damages, to inflict exemplary damages." The instruction was erroneous, the exception was well taken, and the verdict of the jury is sufficient to show that the defendant was prejudiced by it.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.