### WALLING v. COMMERCIAL ADVERTISER ASS'N.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

1. LIBEL AND SLANDER (§ 123*)—ACTIONS—JURY QUESTION.
   Whether defendant's privilege was destroyed by premature publication is for the jury, where the evidence conflicted.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

2. LIBEL AND SLANDER (§ 114*)—ACTIONS—DAMAGES.
   Where publication was made only a few minutes before the communication would have been privileged, plaintiff, if entitled to recover, is entitled to only nominal damages.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 352; Dec. Dig. § 114.*]

3. LIBEL AND SLANDER (§ 56*)—PRIVILEGE—WHAT CONSTITUTES.
   The publication of a libelous charge cannot be justified on the theory that it was but the bare statement of a charge made by another.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 153–156; Dec. Dig. § 56.*]

Appeal from Trial Term, Queens County.

Action by William W. Walling against the Commercial Advertiser Association. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Lowen E. Ginn, of New York City (Richard J. Donovan, of New York City, on the brief), for appellant.

Walter H. Pollak, of New York City (Samuel L. Jackson, of New York City, on the brief), for respondent.

JENKS, P. J. [1, 2] The alleged libel consists of two separate publications in the defendant newspaper. I think that the publication of November 3d, if the charges had been filed, was privileged. But there was some proof (I am far from saying that it was sufficient to prevail over that offered by the defendant) which tends to show that the privilege was destroyed by premature publication. Bingham v. Gaynor, 203 N. Y. 27, 96 N. E. 84. I think that the court in the first instance should have submitted that question to the jury. But as the premature publication, if made, was but a matter of minutes, I fail to see how the plaintiff in this case could have recovered more than nominal damages in any event, and therefore, if this were the sole question in the case, I would recommend affirmance.

[3] But the publication of November 6th was not privileged. It is contended with much force and learning by the able counsel for the

---

respondent that it is not a libel, because the defendant only published that the complainants "claim to have learned," and therefore there was but bare statement that the charge was made by another. We recited to judgments in England (but see Odgers on Libel and Slander [5th Ed.], 174, 175; also Id. 395), Massachusetts, and Pennsylvania. But this is not a case of first impression in this state, and I feel constrained, however forceful the argument presented, to follow the authorities in our own jurisdiction as I read them. Hotchkiss v. Oliphant, 2 Hill, 510; Dole v. Lyon, 10 Johns. 447, 6 Am. Dec. 346; Powers v. Skinner, 1 Wend. 451; Mapes v. Weeks, 4 Wend. 659; Sanford v. Bennett, 24 N. Y. 20; Ropke v. Brooklyn Daily Eagle, 9 N. Y. St. Rep. 709–712; Townshend on Slander & Libel (4th Ed.) § 210, and cases cited.

For these reasons, I advise a reversal of the judgment and the granting of a new trial; costs to abide the event.

BURR, THOMAS, and RICH, JJ., concur. CARR, J., not voting.