(173 App. Div. 491)

### WALLING v. COMMERCIAL ADVERTISER ASS'N.

(Supreme Court, Appellate Division, Second Department.   June 2, 1916.)

1. LIBEL AND SLANDER ⬥⟶57—DAMAGES—REPETITION IN PLEADINGS.

   Under Code Civ. Proc. §§ 535, 536, permitting interposition of a plea in mitigation of alleged libel, which might require a repetition of the alleged libelous words, such repetition in the pleadings, if in good faith and not wantonly or recklessly made, cannot be considered as ground for compensatory damages.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 157, 158; Dec. Dig. ⬥⟶57.]

2. PLEADING ⬥⟶376—TRIAL ⬥⟶115(3)—CONDUCT OF COURT—COMMENT ON PLEADINGS—MATTERS TO BE PROVED.

   The general rule is that pleadings, so far as their statements, admissions, or allegations are concerned, are in evidence and are open to comment.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. ⬥⟶376; Trial, Cent. Dig. § 280; Dec. Dig. ⬥⟶115(3).]

3. LIBEL AND SLANDER ⬥⟶57—PLEADING—BAD FAITH—HOW SHOWN.

   Bad faith of defendant in pleading a repetition of alleged libelous words need not be shown affirmatively, but may appear from circumstances, and even from mere abandonment of the plea at the trial, if not consistent with good faith.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 157, 158; Dec. Dig. ⬥⟶57.]

4. LIBEL AND SLANDER ⬥⟶57—PLEADING—BAD FAITH—DAMAGES.

   Damages to be awarded plaintiff for repetition in bad faith in the pleadings of alleged libelous words are exemplary, and not compensatory.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 157, 158; Dec. Dig. ⬥⟶57.]

5. LIBEL AND SLANDER ⬥⟶57—PLEADING—BAD FAITH—DAMAGES.

   Where defendant failed to request an instruction that the repetition of alleged libelous words in the plea in a libel case could not be considered on the question of damages, unless made in bad faith, the repetition could be submitted on the issue of exemplary damages.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 157, 158; Dec. Dig. ⬥⟶57.]

6. APPEAL AND ERROR ⬥⟶1177(5)—DETERMINATION—DAMAGES—GENERAL VERDICT—CORRECTION.

   Where the jury returned a general verdict on the submission of the questions of both compensatory and exemplary damages for an alleged libel, and an erroneous element of compensatory damages was submitted, the court, on appeal, could not resolve nor analyze the verdict for correction.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4607; Dec. Dig. ⬥⟶1177(5).]

   Putnam and Mills, JJ., dissenting.

Appeal from Trial Term, Queens County.

Action by William W. Walling against the Commercial Advertiser Association. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Judgment and order reversed, and new trial granted.

See, also, 165 App. Div. 26, 150 N. Y. Supp. 906.

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Walter H. Pollak, of New York City (Samuel L. Jackson, of New York City, on the brief), for appellant.
Lowen E. Ginn, of New York City, for respondent.

JENKS, P. J. The defendant appeals from a judgment entered upon a verdict for the plaintiff at Trial Term in an action for libel. The learned court charged:

"In any event, the plaintiff is entitled to compensation for the injury done him by the use of those words, if you find that they were designed to be applied to him, and that he suffered injury thereby, if no proof has been offered on behalf of the defendant of the truth of those words, if you find them to be libelous; and in that connection you may consider the fact that in the answer of the defendant there are statements which have been read to you by counsel which would indicate that the defendant reiterated and repeated some, at least, of the statements concerning the plaintiff which were contained in the charges. So much with respect to compensatory damages."

Thereafter the court discussed exemplary damages.

[1, 2] From this instruction the jury could understand that upon the question of compensatory damages they might consider the fact that the defendant in a plea had reiterated or had repeated the words, or some of them, which were charged as libelous. I think that the exception taken to this instruction presents error beyond our appellate disregard. The general rule is that pleadings, so far as their statements, admissions, or allegations are concerned, are in evidence and are open to comment. White v. Smith, 46 N. Y. 418; Tisdale v. D. & H. C. Co., 116 N. Y. 416, 22 N. E. 700, cited in Holmes v. Jones, 121 N. Y. 461–466, 24 N. E. 701.

But the instruction of the court was in effect that the jury might consider the statements in the plea, not merely as bearing upon the issue, but upon the question of compensatory damages. The rule in this state permitted the defendant to interpose a plea authorized by sections 535 and 536 of the Code of Civil Procedure (see, too, section 508, Id.) that might require the repetition of the offensive words, or of some of them, without penalty of having such repetition considered upon the question of damages, unless the plea was made in bad faith, or wantonly, or recklessly. The earlier rule stated in Fero v. Ruscoe, 4 N. Y. 162, and in earlier or contemporaneous cases, was thus modified after, and in consideration of, the enactment of sections 164 and 165 of the Code of Procedure, the forerunners of the said sections 535 and 536 of the Code of Civil Procedure. Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Cruikshank v. Gordon, 118 N. Y. 179, 23 N. E. 457; Distin v. Rose, 69 N. Y. 122; Holmes v. Jones, supra; Tobin v. Sykes, 71 Hun, 471, 24 N. Y. Supp. 943; Potter v. N. Y. Evening Journal Pub. Co., 68 App. Div. 102, 74 N. Y. Supp. 317. See, too, Pearce v. Stace, 207 N. Y. 515, 101 N. E. 434; Sedgwick on Damages (9th Ed.) vol. 2, § 447. In Upton v. Hume, 24 Or. 420, 33 Pac. 810, 21 L. R. A. 493, 41 Am. St. Rep. 863, there is a thorough discussion of the authorities in this state.

If the repetition of the offensive words is germane to such a plea,

it would be harsh to penalize a pleader in good faith, beyond the consequence which may follow the failure of any plea, by permitting the mere plea to aggravate the damages. On the other hand, if the plea is a pretext for repetition of the offensive words—i. e., if the plea as a plea was made in bad faith—then the purpose of the repetition was offense, not defense, and it is but just that the pleader should respond in the damages. There is an interesting discussion of the rationale of the rule in Newell on Slander and Libel (3d Ed.) § 431. The principle that the conduct of the defendant up to trial and at trial may be considered in the assessment of damages should not be applied to a plea made in good faith and affirmatively authorized by our procedure. Else damages which are awarded on the theory of an offense may be given for the failure of a defense despite the good faith that marked its interposition.

[3] The bad faith, or the like, need not be established by affirmative proof; for the jury may be satisfied thereof from the surrounding circumstances, even up to and during the trial. The mere abandonment of the plea at trial may suffice, if such course is not consistent with an original interposition of the plea in good faith, or without wantonness or recklessness.

[4] As the present rule permits the consideration of the plea because of the bad faith and the like that attends it, I think that the damages that may be awarded therefor are in the nature of "smart money"—exemplary damages, but not compensatory. See Willard v. Press Pub. Co., 52 App. Div. 448–451, 65 N. Y. Supp. 73; Aird v. Firemen's Journal Co., 10 Daly, 254–256; Joyce on Damages, § 401, citing the New York rule.

[5, 6] The defendant did not request an instruction that the repetition of the plea could not be considered upon the question of damages unless the plea was made in bad faith or the like. Under such circumstances, the court would not have committed reversible error if it had submitted the repetition of the plea for the consideration of the jury upon the question of exemplary damages. Marx v. P. P. Co., 134 N. Y. 561–563, 31 N. E. 918. But, as I have said, the court specifically instructed that the repetition was germane to the question of *compensatory* damages. In view of the general verdict returned upon submission of the questions of both compensatory and exemplary damages, we cannot resolve the verdict nor analyze it (Cohalan v. New York Press Co., 212 N. Y. 346, 106 N. E. 115), and it may be that the jury awarded damages for compensation only, and yet increased the amount thereof upon consideration of the repetition in the plea.

In view of the new trial, it is pertinent to state that the expression as to nominal damages contained in our opinion upon the first appeal (165 App. Div. 26, 150 N. Y. Supp. 906) should not be construed as an attempted limitation upon the power of the new jury. The questions of headlines (Code of Civil Procedure, § 1907) and of a summary, are well, thoroughly, and soundly discussed in Salisbury v. Union & Advertiser Co., 45 Hun, 120, and in Lawyers' Co-op. Pub. Co. v. West Pub. Co., 32 App. Div. 585, 52 N. Y. Supp. 1120. It may, however, be pointed out that in Lawyers' Co-op. Pub. Co. v. West

Pub. Co., supra, the court, per Follett, J., after discussion of several cases, say:

"Under these cases the question whether headlines are justified by the matter to which they relate is not always a question of fact for the jury."

The judgment and order are reversed, and a new trial is granted; costs to abide the event.

THOMAS and STAPLETON, JJ., concur. PUTNAM, J., reads for affirmance, with whom MILLS, J., concurs.

PUTNAM, J. (dissenting). I am unprepared to apply the rule in the opinion, when dealing only with *compensatory* damages. Can we say that, if an answer repeats a libelous charge, the plaintiff may not have compensatory damages? To require malice or bad faith as an ingredient, I submit, would cross the line between two different grounds to assess damage. If the answer repeats a charge, or some part of the original charge, defendant's feelings are hurt thereby, perhaps as much or more than at first, because of this reiteration. Can he not be compensated? In 1827 Savage, Ch. J., declared as the settled practice in civil libels:

"Upon the trial, the jury are instructed that, if the plea is false, it is an aggravation of the offense, and calls for enhanced damages." Root v. King, 7 Cow. 613, 633.

If it be objected that such plea of justification, being after the date of the summons, constitutes an independent wrong, so that it cannot be considered (which virtually denies any recovery for such a plea), this objection would apply also to exemplary damages, which obviously may be incurred for conduct during the action. As said by Lord Esher:

"The jury, in assessing damages, are entitled to look at the whole conduct of the defendant, from the time the libel was published down to the time they give their verdict." Praed v. Graham, 24 Q. B. D. 53, 55.

The majority opinion would make *malice* and *bad faith* essentials for merely compensatory damages, which hitherto has not been the rule. Fulkerson v. George, 3 Abb. Prac. 75; Fry v. Bennett, 16 N. Y. Super. Ct. 200, 246. With the best motive, a justification may damage the plaintiff's reputation and injure his feelings. If the justification "is interposed in good faith, under an honest belief in the truth of the matter published, and with reasonable grounds for such belief, it cannot be regarded as an aggravation *beyond the real injury sustained by plaintiff.*" 25 Cyc. 416. As was said by Bosworth, C. J.:

"The true rule is that, if the defendant fails to justify, the plaintiff is entitled to recover, at all events, his *actual* damages." Fry v. Bennett, supra.

Punitive damages may depend upon wrongful motive. But compensatory damages follow the real injury, regardless of motive. The quoted text from Cyc. has been declared in Fodor v. Fuchs, 79 N. J. Law, 529, 76 Atl. 1081. See, also, Rayner v. Kinney, 14 Ohio St. 283.