480

KIRBY v. PITTSBURGH COURIER
PUB. CO., Inc.
No. 357.

Circuit Court of Appeals, Second Circuit.
July 3, 1945.

Delany & Lewis, of New York City (Vernal J. Williams, of New York City, of counsel), for plaintiff.

Morris Mitchell, of New York City, for defendant.

B:f.>re L. HAND, A. N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. We see no merit in defendant's contention that it had a privilege if the publication of August 7, 1943 were made in good faith. Whether that publication would have been privileged had it been an attempted interpretation of an official record we need not consider; for, at best, it was based upon a mere conversation between Rowe and a member of the draft board. Moreover, the jury, as it had a right to do, may have disbelieved Bu-chanan. Since there was no privilege, plaintiff was not obliged to show actual malice in order to recover compensatory damages.

■ 2. Defendant's Exhibit A for identification was not a retraction. But the trial court erred in not admitting it. The jury should have been allowed to consider it, under proper instructions, in determining whether, if it were read by any persons who read the first libelous publication, it reduced compensatory damages. On a new trial, if punitive damages are in issue, the jury should be told also to consider its bearing on that issue.

■ 3. Since we reverse for the error just noted, we need not consider the alleged error in that portion of the judge's charge to which defendant objected. It was, however, far from clear. On a new trial, the trial judge should charge (1) that the filing of such an answer may be considered solely in its bearing on punitive damages or "smart money" [1] and (2) that such an answer permits the assessment of such punitive damages only if the jury considers that there was actual malice in filing it.[2]

Reversed and remanded.

---

[1] Willard v. Press Pub. Co., 52 App.Div. 448, 65 N.Y.S. 73; Walling v. Commercial Advertiser Ass'n. 173 App.Div. 491, 159 N.Y.S. 329, 331.

[2] Willard v. Press Pub. Co., supra; Marx v. Press Pub. Co., 134 N.Y. 561, 31 N.E. 918; Holmes v. Jones, 121 N.Y. 461, 24 N.E. 701; Cruikshank v. Gordon, 118 N.Y. 178, 23 N.E. 457.