MATTHEW MARX, Respondent, *v.* THE PRESS PUBLISHING COMPANY, Appellant.

Upon the trial of an action for libel, in which the answer contained a general denial, plaintiff gave evidence tending to prove publication by defendant, whose counsel at the close of plaintiff's evidence "moved to dismiss the complaint upon the whole proof," which was denied and an exception taken. *Held*, that the exception presented no specific question for review; that to present the question that the evidence was insufficient to show that defendant was the publisher, it should have been more specifically stated.

Defendant also pleaded a justification; its counsel requested the court to charge that there was no evidence in the case that defendant was influenced by actual malice in the publication. This the court charged with this qualification "other than the justification of the article and its contents." Said counsel also requested a charge that there was no evidence of actual malice. The court so charged, adding "other than the publication of the article," and also charged as requested, that the jury would not be justified in awarding exemplary damages, adding "unless the article was false and malicious, and published with intent to injure plaintiff." *Held*, no error; that while the jury might not infer malice from the pleading in good faith and an honest endeavor to establish a justification, the question of good faith was for the jury, and the court was justified in refusing to hold, as matter of law, that the answer could not be considered to enhance damages.

*Cruikshank* v. *Gordon* (118 N. Y. 178), distinguished.

(Submitted June 16, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which affirmed a judgment in

favor of plaintiff, entered upon a verdict and an order deny-
ing a motion for a new trial upon the minutes.

This was an action for libel.

The facts, so far as material, are stated in the opinion.

*John M. Bowers* for appellant.

*A. N. Weller* for respondent.

BROWN, J. The plaintiff, who is a lawyer, recovered a
judgment for damages sustained from an alleged libelous
article published by the appellant, which in substance stated
that he had been accused of failing to pav over to a client
money he had received for her.

The appellant asks us to reverse the judgment on two
grounds. First. That there was no proof of publication by
the defendant.

Second. For error in the charge of the court upon the
question of actual malice. The first point is not raised by
any appropriate exception in the record. The article was
alleged to have been published in the Brooklyn edition of
" The World." There was a general denial in the answer and
the plaintiff gave evidence which he claimed tended to prove
that " The World " was published by the defendant. At the
close of the plaintiff's case the record states that defendant's
counsel made " a formal motion to dismiss," and after all the
evidence was in he " moved to dismiss the complaint on the
whole proof." The exception to the denial of this motion
presents no question for review on appeal. If it was intended
to claim that the evidence was insufficient to permit the con-
clusion that defendant was the publisher of " The World,"
that fact should have been stated, and if it had, the objection
might have been obviated by further proof.

Upon the other point it appeared that the defendant had
pleaded (1) that the publication was a fair and true account
of a judicial proceeding, and (2) that the statements therein
contained were true.

The jury have determined that these allegations were not

true, and we must examine the exceptions to the refusals to charge in the light of that fact.

So far as material to this appeal the requests to charge and the responses of the court were as follows :

" That there is no evidence in this case that the defendant was influenced by actual malice in publishing its report of the judicial proceeding aforesaid, if the same was fair and true."

THE COURT — So charged, other than the justification of the article and its contents.

" That there is no evidence in this case of actual malice on the part of the defendant."

THE COURT — So charged, other than the publication of the article.

" That the jury would not be justified in awarding the plaintiff exemplary damages."

THE COURT — So charged, unless the article is found to be false and malicious, and published with intent to injure the plaintiff.

These rulings are sustained by *Holmes* v. *Jones* (121 N. Y. 462); *Cruikshank* v. *Gordon* (118 id. 178); *Bergmann* v. *Jones* (94 id. 52); *Samuels* v. *Evening Mail Assn.* (75 id. 604; 9 Hun, 294); *Distin* v. *Rose* (69 N. Y. 123).

The appellant cites *Cruikshank* v. *Gordon* as authority for the proposition that the jury cannot infer malice from the interposition in good faith of a justification of a libel, and an honest endeavor on the trial to establish its truth.

In that case the court charged in relation to justification of the libel that defendant had a right to plead that issue, and if it was inserted in good faith the damages would not be enhanced if they failed to prove it to the satisfaction of the jury. And it was submitted to the jury to find whether it was pleaded wantonly and without cause, with the instruction that if it was they could consider that an aggravation of damages. That charge was sustained in this court.

But in this case no request was made to instruct the jury to consider as a fact that the justification was pleaded in good faith and not wantonly, and the court could not hold as a

matter of law that the answer could not be considered to enhance damages. (*Distin* v. *Rose, supra.*)

The judgment should be affirmed.

All concur.

Judgment affirmed.