(8 App. Div. 450)

### GRIEBEL v. ROCHESTER PRINTING CO.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. LIBEL AND SLANDER—EVIDENCE—IDENTITY OF PLAINTIFF.

   It is error to submit the case to the jury on the theory that, because plaintiff's surname was not correctly spelled in the alleged libelous article, the jury might find that the article did not refer to plaintiff, where plaintiff and another person named in the article were the only persons concerned in the transaction therein described, and there was no other person in the vicinity of the same name as plaintiff.

2. APPEAL—REVIEW—FAILURE TO TAKE EXCEPTION.

   Where a case is submitted to the jury on a wholly erroneous theory, the appellate division may grant a new trial, though no exception was taken.

Appeal from circuit court, Monroe county.

Action by Ferdinand Griebel against the Rochester Printing Company for libel. From a judgment dismissing the complaint on the merits, entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, made on the minutes, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Walter S. Hubbell, for appellant.
Eugene Van Voorhis, for respondent.

FOLLETT, J. This action was begun May 22, 1888, to recover damages for the publication by the defendant in its newspaper (The Rochester Democrat and Chronicle) of an article alleged to be libelous. April 21, 1888, the plaintiff made a complaint before the police justice of the city of Rochester, charging that one Bartholomew Connors had obtained a watch from him by fraudulent representations and false pretenses. On this complaint, a warrant was issued for the arrest of Bartholomew Connors, and he was arrested. On the 22d of April, 1888, the following article was published in defendant's daily paper:

"Under False Pretenses.

"Detectives Furtherer and Kavanagh yesterday arrested Ferdinand Grueble on the charge of obtaining goods under false pretenses. Bartholomew Connors, of Faber street, who swore out a warrant, claims that Grueble went to his house while he was away one day last week, and represented to his wife that he had been sent for her husband's watch. On these representations, she handed over the timepiece, and this is what leads to the difficulty."

On the next day, the defendant, learning that it had committed an error, and that Ferdinand Griebel was the complainant, and not the person charged with the crime, published this retraction:

"It was Bartholomew Connors who was arrested on Saturday for obtaining a watch on false pretenses, instead of Ferdinand Grueble. Grueble was the man who swore out the warrant."

It will be observed that the plaintiff's surname, as printed in these two articles, is not correctly spelled, and because of this circumstance the case was sent to the jury, upon the theory that they were at liberty to find that the first article was not published of and concerning the plaintiff, which, under the evidence, seems to me utterly untenable. It is conceded that this plaintiff was the person who made the complaint against Connors, and was a participant in the judicial proceeding referred to. There was no other man having the same name as the plaintiff in the city of Rochester, and the article very clearly referred to the person who had a controversy with Bartholomew Connors in the police court. The Christian name is correctly given in the article complained of, and also in the retraction. The name of the person arrested is correctly given, and the article clearly referred to the person who was interested in this prosecution; and by no construction of the evidence can a question of fact as to who was referred to by the article be raised, and the court erred in submitting the case to the jury on that theory.

It is urged, and it is true, that the plaintiff did not except to the submission of this issue to the jury; but, when a case is submitted by a trial judge to the jury upon a wholly erroneous theory, this court has power, and it is its duty, to grant a new trial because of such submission, though an exception was not taken. Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506; Whittaker v. Canal Co., 49 Hun, 400, 3 N. Y. Supp. 576, and cases cited.

This action was first tried in March, 1890, and the same question of fact was submitted to the jury, and found for the defendant. Upon the review of the case by the general term (60 Hun, 319, 14 N.

Y. Supp. 848), the late Mr. Justice Macomber, in speaking for the court, said·

"Upon the trial, a point was made that the plaintiff was not the same person as the one mentioned in the newspaper article. But it seems to us that there was no merit in that claim, because, under the evidence, all of the plaintiff's acquaintances would necessarily understand from the article that he was the person referred to. If it be true, as is claimed by the learned counsel for the defendant, that the verdict of the jury was bas d upon the proposition that the "Ferdinand Griebel" mentioned in the title of this action and the "Ferdinand Grueble" mentioned in the article as published are not the same persons, that conclusion was wholly unsupported by the evidence, and should not be permitted to stand."

A motion for a new trial was made, upon the ground that the verdict was contrary to the evidence, and the order denying the motion is appealed from, which brings to this court the question that the verdict, in so far as it finds that the plaintiff was not the person referred to in the article, is unsupported by the evidence. The learned judge presiding at the trial under review fell into an error in not following the rule laid down by the general term. The article complained of purported to be a report of a judicial proceeding, and, if the report had been fair and true, it was privileged, unless published maliciously (Code Civ. Proc. § 1907); and it was competent for the plaintiff to prove that the report was not fair and true, and that he did not go to the house of Connors, and get his watch, as stated in the article; and the refusal of the court to permit the plaintiff to prove this fact was error. It is alleged in the complaint that the article was maliciously published, but there is no evidence that there was any malice in fact,—personal ill will, —as distinguished from malice in law. It was simply a negligent publication, which was promptly retracted the next day, but a newspaper negligently publishing a libel is liable for the damages sustained by the person libeled, though the publication was not made from malicious motives,—malice in fact.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.