GRIEBEL v. ROCHESTER PRINTING CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. ARGUMENTS TO JURY—READING LAWBOOKS.
   Permitting counsel, against objection, to read to the jury reports of cases, is error.

2. SAME—OPINION ON FORMER APPEAL—NOMINAL DAMAGES.
   In an action for libel, where it appeared that the publication was without malice in fact, and that plaintiff had not sustained special damages, the only question being as to the amount to which plaintiff was entitled, it is error to permit plaintiff's counsel to read to the jury an extract from the opinion on a former appeal, wherein the appellate court commented on an error in charging that plaintiff was entitled to only nominal damages, as the jury may have been thereby led to believe that plaintiff was entitled to substantial damages as a matter of law.

Appeal from special term.

Action for libel by Ferdinand Griebel against the Rochester Printing Company. From an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Eugene Van Voorhis, for appellant.
Walter S. Hubbell, for respondent.

FOLLETT, J. This action was begun May 22, 1888, to recover damages for the publication of an alleged libel. A judgment dismissing the complaint, entered on a verdict, was reversed, and a new trial granted by the general term, in June, 1891. 60 Hun, 319, 14 N. Y. Supp. 848. On the second trial a judgment dismissing the complaint, entered on a verdict, was reversed, and a new trial granted by this court in July, 1896. 8 App. Div. 450, 40 N. Y. Supp. 759. The judgment now under review is the result of the third trial.

It is unnecessary to state the facts out of which this case arose, as they are fully stated in the reports referred to. The publication of the libelous article complained of was admitted, but facts in mitigation of the damages were proved. The only question for the jury was how much the plaintiff was entitled to recover, and the case was correctly submitted to the jury under instructions that this was the only question for consideration. The record discloses that, when the plaintiff's counsel summed up the case, the following occurred:

"In addressing the jury, counsel for plaintiff desired to read from a lawbook. Counsel for the defendant objected to reading the former report of this case to the jury. Counsel for plaintiff thereupon stated: 'I am not going to.read anything as the law, only to use the language without giving the names.' The objection was overruled, and defendant excepted. Counsel for plaintiff thereupon addressed the jury as follows: 'I am not reading from any lawbook, as a lawbook, but simply using the language of the book. As I was stating before, a verdict of a nominal amount would be a travesty upon justice. "In such a case a nominal verdict would be a denial of justice, and the court was not bound to assent to the suggestion of the defendant that such a verdict might be given, nor would such a verdict have been a vindication of the plaintiff. It would have established that the charges were false, but at the same time it would have left it to be inferred that the plaintiff had no character to lose." ' 60 Hun, p. 322, 14 N. Y. Supp. p. 849. The book and page were given by counsel for defendant, and not stated by counsel for plaintiff."

It was not alleged in the complaint, nor proved on the trial, that special damages were sustained; nor was it alleged in the complaint, or proved on the trial, that the publication was actuated by malice in fact, personal ill will entertained by the writer of the article towards the plaintiff, or by any person connected with the newspaper in which it was published. On the contrary, it appears, by undisputed evidence, that the statement that the plaintiff in this action was the defendant, instead of the complainant, in a criminal action, was the error of a reporter, which was corrected in the next issue of the defendant's newspaper. Subject to the right of the court to set aside the verdict for excessive or insufficient damages, the ques-

tion of how much money would compensate the plaintiff for the injuries sustained was solely a question for the jury.

The extract read by plaintiff's counsel to the jury from the opinion reported in the sixtieth volume of Hun, at page 319 (14 N. Y. Supp. 848), was not germane to this question of fact. On the trial under review in 60 Hun and 14 N. Y. Supp. the court charged:

"If you find that a libel was published by defendant against the plaintiff, but that it was published without any malicious intent, then, although it would be your duty to find a verdict in favor of the plaintiff, yet, under these circumstances, he would be entitled to recover only nominal damages, because he has not shown that he has received any special damage by reason of the publication."

To this instruction the plaintiff's counsel excepted. The plaintiff's counsel requested the court to charge:

"That if they [the jury] should find that the publication was made without malice, but as a matter of pure mistake and without malice, the plaintiff was still entitled to damages which would compensate him for whatever damage was done to his reputation."

This request was refused, the court saying:

"There is no evidence of any damage which the plaintiff has sustained."

To this refusal the plaintiff excepted. The extract read to the jury related to these exceptions, and the learned judge was demonstrating that the court erred in charging, as a matter of law, that only nominal damages were recoverable, and the language throws no light upon the duty of the jury in respect to the amount of damages which they should award. The extract read from this opinion had a tendency to induce the jury to believe that, as a matter of law, the plaintiff had the right to substantial, as distinguished from nominal or compensatory, damages.

Permitting counsel, in summing up a case, to read to the jury text-books and reports of cases, if objected to by the opposing counsel and an exception is taken, has often been condemned and held error by the courts of this state. Reich v. City of New York, 12 Daly, 72; Vosper v. City of New York, 49 N. Y. Super. Ct. 296; Bell v. McMaster, 29 Hun, 272; Lesser v. Perkins, 39 Hun, 341; Ryan v. Manufacturing Co., 57 Hun, 253, 10 N. Y. Supp. 774; Williams v. Railroad Co., 126 N. Y. 96, 26 N. E. 1048. The decisions of other states on this question and a general discussion of the subject may be found in 1 Thomp. Trials, p. 720, tit. 4, c. 29. Permitting counsel to read a general discussion on a question from text-books and reports is quite different from permitting a section of a statute to be read.

For this error the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.