## AMORY v. VREELAND.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

1. LIBEL AND SLANDER—ACTIONS—DAMAGES—EXEMPLARY.

The mere falsity of a libel does not give the right to exemplary damages, and to permit a jury to assess such damages they must find as matter of fact that malice existed, either through personal ill-will or wanton or reckless conduct in the publication, or that the words themselves were of such a character as to impute a degree of wrongdoing which called for a punishment; and so an instruction, in an action for damages for a libel, that if the libel was false the jury could give plaintiff a verdict for damages in excess of compensation for his injury, for the purpose of punishing defendant, was prejudicially erroneous, there being no means of knowing whether the entire verdict was given for compensation, or a large part of it as punitive damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 350, 351.]

2. SAME—ACTIONS—INSTRUCTIONS.

In an action for damages for a libel, the court instructed that under certain circumstances the jury might give a verdict for defendant, and that if they found for plaintiff they should compensate him for his injury, as well as give him punitive damages, but refused to charge, as requested by defendant, "that the jury may find a verdict for the defendant, or the jury may find a verdict for plaintiff for nominal damages." Held, that such refusal was erroneous, since it was within the province of the jury to render a verdict for plaintiff for nominal damages only, and the effect of the refusal, in view of the instruction given, was to instruct the jury that they could find no verdict, except for substantial compensation.

3. SAME.

While the trial judge, in an action for libel or slander, has the right to set aside a verdict of the jury for nominal damages, where the facts disclosed are such that in his judgment substantial damages should have been awarded, still, in the first instance, the jury should not be instructed that they cannot give such verdict as they deem proper, even if it shall be one for nominal damages only.

4. SAME—DAMAGES—AMOUNT AWARDED.

In an action for slander or libel, the amount of damages is peculiarly within the province of the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 363.]

Appeal from Trial Term, New York County.

Action by William N. Amory against Herbert H. Vreeland. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Franklin Bartlett, for appellant.

Henry M. Earle, for respondent.

HOUGHTON, J. The action is to recover damages for a libel contained in an article prepared by the defendant, and delivered by him to representatives of the daily papers of New York City, and published on the 11th of March, 1903. The defendant was president of the Metropolitan Street Railway Company, and prior to the statement

issued by him numerous attacks in the daily press had been made upon the financial standing of that company, its management, and the integrity of its official reports. In the article which defendant prepared and caused to be published it was charged that this plaintiff was a discharged employé of a subsidiary company and a notorious character, and instigated the attacks, which were malicious, unscrupulous, and false, and made from improper motives, and for the purpose of affecting the credit of the company and depressing its stock, to the advantage of plaintiff and his associates. The defendant admitted authorship of the article and pleaded the truth of the statements, and in mitigation belief of truth and good faith and lack of malice.

On the trial the plaintiff offered the article in evidence and rested, and defendant, although not taking the stand himself, offered evidence which tended to establish that plaintiff had inspired the attacks against his corporation, and that compilations from its reports had been garbled and made misleading, and that the management of the · corporation and its financial condition had thus been untruly stated, and that plaintiff or those in some manner associated with him did benefit or attempted to gain benefit by the depression of the price of the stock, and that he hence had reason to believe that the attacks made upon the company of which he was president were unfounded and unjust. The jury rendered a verdict of $10,000, and from the judgment entered thereon the defendant appeals.

In the course of his charge to the jury the trial court told them that, if they found from the defendant's evidence that the accusations against the plaintiff were true, then the defendant was entitled to their verdict, "but, unless he has so convinced you, your verdict will be for the plaintiff for such sum as will compensate him for the injury which you find has come to him through this publication"; and, further, "if you find that the defendant published this libel, knowing and intending to injure the plaintiff, and that the statements therein are false, have not been made out to be true, then the plaintiff is · entitled to punitive damages, called smart money"—to which latter charge the defendant excepted. At the request of the plaintiff the court further charged "that a man is presumed to intend the natural consequences of his acts, and therefore if the jury believe and find from the evidence that the natural consequences of the publication were to defame and injure the plaintiff in his reputation or character, or expose him to ridicule and contempt, they may properly infer that such was the intention of the defendant; and if they further believe and find from the evidence that the publication complained of was libelous or false in any particular they may infer that so much thereof was maliciously made, and may assess exemplary damages accordingly"—to which the defendant excepted.

These instructions were erroneous, and did not contain the proper elements from which the jury could assess exemplary or punitive damages. In effect, the court told the jury that if the libel was false they should or might give the plaintiff a verdict for damages in excess of compensation for his injury for the purpose of punishing the defendant. The mere falsity of a libel does not give the right to exemplary damages. In order to permit a jury to assess such damages, they

must find as matter of fact that malice existed, either through personal ill will, or wanton or reckless conduct in the publication, or that the words themselves were of such a character as to impute a degree of wrongdoing which called for punishment. In Carpenter v. New York Evening Journal Pub. Co., 111 App. Div. 266, 97 N. Y. Supp. 478, after an exhaustive and careful review of the authorities, Mr. Justice Clarke says:

"It is said that upon proof of the publication of defamatory matter, and of its application to the plaintiff, if it be unprivileged and libelous per se, the falsity of the article and the malice in its publication are presumed. Upon proof of publication and application the plaintiff may rest. With that proof and those presumptions he has made out his case, and is entitled to such sum as the jury may give by way of compensation for the injury inflicted. In order that the plaintiff may recover an additional sum, called exemplary, punitive, vindictive damages, or smart money, by way of punishment of the offender, it must appear (and be found by the jury) that the publication was the result of (1) personal ill will, or (2) of such negligence and carelessness as to indicate a wanton or reckless disregard of the rights of others, or (3) being false, to be of such a character that the words themselves, sufficiently establish the degree of wrongdoing which calls for punishment, in addition to compensation. * * * When a plaintiff demands damages beyond compensation, something more is demanded of him than when he asks merely to be made whole. He must prove something to justify punishment by increased smart money for himself."

In the present case the jury were not told that if they found as a fact that any of these necessary elements existed then they might give damages by way of punishment; but, on the contrary, they were led to understand that if they found the libel to be false they might presume it to have been malicious, and thus have the right to not only give damages as compensation to the plaintiff, but also damages by way of punishing the defendant. This error, of course, is vital to the verdict; for we have no means of knowing whether the entire sum was given by the jury for compensation, or a large part of it as punitive damages.

We also think the court erred in refusing to charge the defendant's request "that the jury may find a verdict for the defendant, or the jury may find a verdict for the plaintiff for nominal damages." The court had already instructed the jury that under certain circumstances they might give a verdict for the defendant, and he had also instructed them that if they found for the plaintiff they should compensate him for his injury, as well as give the punitive damages which have been discussed. It was, however, within the province of the jury to render a verdict for the plaintiff for nominal damages only, and the effect of refusing the defendant's request was to instruct the jury, in view of the charge that had been made, that they could find no verdict except one for substantial compensation. While it is true that the trial court in an action for libel or slander has the right to set aside a verdict of a jury for nominal damages, where the facts disclosed are such that in his judgment substantial damages should have been awarded, still in the first instance the jury should not be instructed that they cannot give such verdict as they deem proper, even if it shall be one for nominal damages only. Many elements enter into an action for libel or slander, which are not present in

other actions for personal wrongs. A man may be grossly libeled, and still his character and reputation may be such that he suffers no injury, or the circumstances under which the libel is published or the slander uttered be such that no substantial damage ought to be given. These peculiar elements have brought about almost universal expression in decisions that in an action for slander or libel the amount of damages is peculiarly within the province of the jury. Holmes v. Jones, 147 N. Y. 67, 41 N. E. 409, 49 Am. St. Rep. 646; Butler v. Gazette Co., 119 App. Div. 769, 104 N. Y. Supp. 637.

We have confined ourselves to the legal propositions which we deem involved on this appeal, and purposely do not express any opinion as to the merits of the action or the propriety of the amount of the verdict.

For the reasons pointed out, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.