<hr/>

## ASTRUC v. STAR CO.

### (District Court, S. D. New York. April 2, 1912.)

**LIBEL AND SLANDER (§ 123*)—DAMAGES—QUESTION FOR JURY.**

    The amount of damages for a libel is peculiarly within the province of the jury, entitled to consider the circumstances under which the libel was published and the character and reputation of plaintiff, and it is not error to refuse to charge that plaintiff is entitled to substantial damages for a newspaper publication libelous per se.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

At Law. Action by Gabriel Astruc against the Star Company. Motion for new trial, after verdict for nominal damages, denied.

Maurice Leon and Henry W. Hardon, for plaintiff.
Clarence J. Shearn and M. De Witt, for defendant

MAYER, District Judge. In this action for libel the jury rendered a verdict for six cents. On the first trial it was left to the jury to determine whether the publication was libelous, and the jury brought in a verdict for the defendant. On appeal (193 Fed. 631, decided February 1, 1912) it was held that part of the article constituted libel per se.

On the second trial, in accordance with the opinion of the Circuit Court of Appeals, I charged the jury specifically as to what part of the article was not libelous, and what part was libelous, per se. The jury received instructions as to the rules of damages. It is now urged that it was error to refuse to charge as requested by plaintiff as follows:

"The plaintiff is entitled to substantial damages, in view of the gravity of the libel, in tending to hold him up to public ridicule and injure him in his occupation."

It is questionable whether it would have been proper to characterize the libel by the word "gravity," as used in conjunction with the context of the request to charge. I prefer, however, to rest my conclusion on the broader ground that it would have been error to charge the jury that the plaintiff was entitled to substantial damages. The amount of damages was peculiarly within the province of the jury under well-settled authority. Holmes v. Jones, 147 N. Y. 67, 41 N. E. 409, 49 Am. St. Rep. 646; Butler v. Gazette Co., 119 App. Div. 767, 104 N. Y. Supp. 637; Amory v. Vreeland, 125 App. Div. 850, 110 N. Y. Supp. 859; Griebel v. Rochester P. Co., 24 App. Div. 288, 48 N. Y. Supp. 505. "Many elements enter into an action for libel

or slander, which are not present in other actions for personal wrongs. A man may be grossly libeled, and still his character and reputation may be such that he suffers no injury, or the circumstances under which the libel is published or the slander uttered may be such that no substantial damage ought to be given. These peculiar elements have brought about almost universal expression in decisions that, in an action for slander or libel, the amount of damages is peculiarly within the province of the jury." Amory v. Vreeland, supra.

In this case I cannot say that the verdict was inadequate, or that the plaintiff, as matter of law, was entitled to more than nominal damages.

Motion denied.